■ LIESELOTTE LIBERATORE, Appellant, v JOSEPH KONDRAT et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Mazzone, J.), entered October 19, 1990 in Saratoga County, upon a verdict rendered in favor of defendants.

Plaintiff owned 45 acres of unimproved real property in the Town of Providence, Saratoga County. Plaintiff was interested in subdividing the land and selling individual lots. She began exploring ways to have a roadway built through the property to facilitate her plans. Plaintiff desired to eventually surrender the roadway to the Town for the purpose of maintenance, snow removal and supervision. Plaintiff discussed the idea with the Town Superintendent and was given a paper containing the construction specifications of a roadway in order for it to be accepted by the Town. In the spring of 1987, plaintiff consulted defendant Joseph Kondrat (hereinafter defendant) about the cost of building such a roadway, but she rejected his quote as being too expensive. Shortly thereafter, defendant formed defendant Joe Kondrat Excavating, Inc. and quoted plaintiff a lower price to construct the roadway; this time plaintiff agreed. The parties dispute whether this roadway was to be the equivalent of a roadway intended to meet Town specifications.

The roadway was to be constructed in three phases, to be completed as plaintiff sold the parcels. Payment was made for the first two phases but not for the third, apparently because

of plaintiff's dissatisfaction with the work. When plaintiff refused to pay for the work performed on phase III, defendant filed a mechanic's lien against the property. Plaintiff then commenced this action principally alleging breach of contract and breach of warranty. Plaintiff alleged that defendant failed to conform the road to Town specifications by, among other things, failing to properly remove tree stumps from the traveled portion of the road and not laying enough gravel on the road. It was also asserted at trial that defendant used substandard gravel. Defendant counterclaimed for, *inter alia,* the value of work actually performed on phase III. The jury ultimately rendered a verdict in favor of defendant against plaintiff of no cause of action as to plaintiff's claims and awarded defendant $2,500 on his counterclaims. The jury concluded that the parties did not intend the roadway to conform to Town specifications and that defendant performed the job in a skillful manner. This appeal by plaintiff followed.

A strongly disputed issue at trial concerned defendant's actions in burying some tree stumps under the roadway he constructed for plaintiff. Plaintiff contends that the contract provided that no tree stumps were to be buried in the roadway and, by admitting that he did so, defendant breached both the contract and the implied warranty that the job would be performed in a skillful manner. As a result, plaintiff argues that Supreme Court erred in denying her motion for a directed verdict at trial and her postverdict motions addressed to this issue. Defendant, on the other hand, contends that the parties' contract did not prohibit tree stumps from being buried in the roadway and the question was properly submitted to the jury for resolution.

We agree with defendant. Plaintiff asserted at trial that the parties' handwritten contract provided that tree stumps were to be buried in the "[b]ad spots of road *on* side" (emphasis supplied). Defendant maintained, however, that the emphasized word was actually "or" and therefore it was permissible for him to bury the stumps in the roadway where necessary. No handwriting expert was submitted by either party and examination of the disputed word is not conclusive on either side of the question. Consequently, interpretation of the contract became a factual issue which the jury could resolve in defendant's favor given the substantial evidence presented by defendant to support his contentions. Notably, both parties presented expert proof on the question of the acceptability of the practice of placing stumps in rural roadways. Defendant testified that the parties' agreement was not to build a road-

way to Town specifications. Consequently, placing stumps in the roadway was not prohibited. Significantly, defendant's expert witness agreed that placing stumps in the roadbed of a private driveway or common road was not an unusual or unacceptable practice in rural areas. A fair interpretation of the evidence easily supported a finding by the jury that defendant did not breach the contract and constructed the road in a skillful manner. Accordingly, Supreme Court appropriately denied plaintiff's motions *(see, e.g., Stiso v Inserra Supermarkets,* 179 AD2d 878; *Linton v Nieves,* 175 AD2d 550, 551).

Next, plaintiff claims that Supreme Court abused its discretion in denying her motion on the eve of trial to amend her complaint to assert a cause of action for negligent misrepresentation. Plaintiff maintains that the factual allegations contained in the complaint and those adduced during discovery support such a cause of action and that she sought leave merely to add a new theory of liability, not allege new facts. We disagree. It is well settled that "[i]n order to establish a claim for negligent misrepresentation, plaintiff was required to show that defendant had a duty, based upon some special relationship with her, to impart correct information, that the information was false or incorrect and that she reasonably relied upon the information given by defendant" *(Bower v Atlis Sys.,* 182 AD2d 951, 953). In reviewing plaintiff's complaint and pretrial deposition, we are not convinced that all of the required elements of the proposed cause of action were sufficiently presented. In any event, even if the claim was sufficiently laid out, plaintiff made no excuse to explain her long delay in making her motion to amend and it is apparent that defendant was not sufficiently aware of facts to put him on notice to defend the new cause of action. Accordingly, Supreme Court did not abuse its discretion in denying the motion *(see, Thompson v Connor,* 178 AD2d 752).

The remaining arguments advanced by plaintiff have been examined and have been found to be either unpersuasive or rendered academic by our resolution of the case. Plaintiff incorrectly contends that it was error for Supreme Court not to give the jury a separate charge on negligence along with its charges on breach of contract and warranty. In her third cause of action, plaintiff alleged only that work undertaken by defendant was performed in a negligent and careless manner. As a result, plaintiff was merely asserting that defendant negligently performed his contract obligations and not that an independent duty to plaintiff, aside from the contract, existed

*(see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936). Therefore, Supreme Court's denial of her request was appropriate.

We note that plaintiff's counsel during the charge conference also stated that the word "gravel" in the contract was ambiguous in light of its alleged usage in the trade and the many possible types of gravel used in roads. As a result, Supreme Court was requested to instruct the jury that this ambiguity be construed most strongly against defendant, the drafter *(see, Dimino v Dimino,* 91 AD2d 1185). The court refused, stating that it did not think the charge was applicable for this purpose and that it might unnecessarily confuse the jury. We are disinclined to disturb Supreme Court's decision on this point. Moreover, even if it was error for the court to refuse the requested charge, we do not find the error to be "so fundamental as to warrant a new trial" *(McAteer v Arden Hill Hosp.,* 170 AD2d 758, 760).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.