■ L. Sue Hanchett et al., Appellants, v Graphic Techniques, Inc., et al., Respondents. [667 NYS2d 436] —Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 2, 1996 in Saratoga County, which granted defendants' motion for, *inter alia*, summary judgment dismissing the complaint.

Plaintiff L. Sue Hanchett (hereinafter plaintiff) was seriously injured in January 1991 while employed by James River Corporation, a paper manufacturing company having a plant in the Village of South Glens Falls, Saratoga County. Plaintiff and her husband, derivatively, commenced this action alleging, *inter alia*, that defendant Richard Hicks, a design engineer professional who was assigned to James River by defendants Graphic Techniques, Inc. and GTI Temporary Services, Inc.

(hereinafter collectively referred to as Graphic Techniques) to provide design and engineering services, negligently removed two safety guards from the design of the paper machine which caused her injury.

Discovery proceeded to include the deposition of both plaintiff and Hicks. Devoid of any further activity for one year, defendants moved for leave to serve an amended answer pursuant to CPLR 3025 (b), asserting the exclusivity of the Workers' Compensation Law, and for summary judgment dismissing plaintiffs' amended complaint. Supreme Court granted defendants' motion and plaintiffs now appeal.

In reviewing plaintiffs' contentions that the allowance of the amendment created undue prejudice and surprise, we find no merit. We abide by the principle, firmly established, that leave to amend a pleading pursuant to CPLR 3025 (b) shall be freely given and will remain undisturbed in the absence of an abuse of discretion (*see, New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864; *Babcock v Mann*, 167 AD2d 572). Contrary to plaintiffs' contention, delay alone does not warrant a denial unless coupled with significant prejudice (*see, New York State Health Facilities Assn. v Axelrod, supra*). Upon a review of this record, we find that plaintiffs failed to sustain the required showing (*see, Matter of Gagliardi v Board of Appeals*, 188 AD2d 923, *lv denied* 81 NY2d 707).

Supreme Court properly assessed that plaintiffs had notice of a potential Workers' Compensation Law defense from Hicks' deposition testimony describing his employment relationship with Graphic Techniques and James River. Hicks described himself as a "job shopper" who was assigned by different agencies to companies that needed his technical services. From 1980 to 1985, and again from the fall of 1987 to 1990, he was assigned by Graphic Techniques to work at James River. Although Graphic Techniques issued his paychecks, Hicks testified that he was supervised, directed and controlled by Paul Mangless, the plant engineer for James River. He further stated that no one at Graphic Techniques had any knowledge of or control over the work that he performed at James River. Hence, we find no basis to disturb Supreme Court's determination that defendants be permitted to amend their answer to assert the exclusivity of the Workers' Compensation Law defense.

As to Supreme Court's determination on the motion for summary judgment that Hicks was a "special employee" of James River as a matter of law, therefore barring plaintiffs' action by the Workers' Compensation Law, again we find no error (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558; *see*

also, Cameli v Pace Univ., 131 AD2d 419). Numerous factors have emerged, including a focus on "who controls and directs the manner, details and ultimate result of the employee's work", as indicia of a special employment relationship (Thompson v Grumman Aerospace Corp., supra, at 558; see, Matter of Quick v Steuben County Self-Insurance Plan, 242 AD2d 833; Matter of Johnson v New York City Health & Hosps. Corp., 214 AD2d 895, lv denied 86 NY2d 707). Here, the undisputable evidence culled through Hicks' testimony as well as through the affidavit of Albert Simidian, president of Graphic Techniques, conclusively established, without subsequent rebuttal, that while Graphic Techniques issued Hicks' paychecks, it did not control, assign, supervise or direct his work once he was sent to James River. Hicks testified that he worked directly for Mangless and that Mangless, as his supervisor, signed his time card at the end of each week and gave him his work assignments. He further testified that he worked on projects as a team with James River employees and that other employees there, including Rich Sleeter and Tom Toothman, dictated the ultimate result. Simidian testified that James River retained complete control over Hicks, including the right to fire him or lay him off as they saw fit.*

Upon this showing, we conclude that Supreme Court properly found the existence of a special employment relationship as a matter of law and that plaintiffs' exclusive remedy was under the Workers' Compensation Law (see, Workers' Compensation Law § 29 [6]).

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

* Employment records indicate that James River did, in fact, lay Hicks off in 1985 and again in 1990 when his services were no longer needed.