■ ROBERT R. BRANCH, Respondent, v RALPH GREEN et al., Individually and Doing Business as RALPH AND JIM GREEN CONTRACTING, Appellants, et al., Defendant. [696 NYS2d 558] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered July 7, 1998 in Saratoga County, which, *inter alia*, denied a motion by defendants Ralph Green and James Green for summary judgment dismissing the complaint against them.

On June 29, 1993, plaintiff was seriously injured while cutting trees on a parcel of land owned by defendant James P. Kubish in the Town of Wilton, Saratoga County, on which defendants Ralph Green and James Green (hereinafter collectively referred to as defendants) were harvesting lumber pursuant to an agreement with Kubish. Plaintiff was on the site with the permission of defendants, who operated a contracting partnership and frequently allowed plaintiff, a longtime friend, to accompany them on their jobs to cut firewood for himself. Although plaintiff used his own tools and equipment and worked alone, on occasion Ralph Green would use his skidder to drag plaintiff's trees out of the woods.

According to plaintiff's original verified complaint, his injury occurred when a tree that he was cutting " 'kicked back' upon him, impaling him with its trunk". Defendants were negligent, he alleged, in permitting him to cut wood alone and unassisted while they knew or should have known that plaintiff was very tired and still suffering the effects of alcohol consumption from the prior evening. When deposed in April 1996, however, plaintiff testified that the incident occurred when Ralph Green was pulling up one of the logs with his skidder. For his part, Ralph Green denied assisting plaintiff in any way prior to his injury and testified that he discovered plaintiff after he had been struck by the tree.

In March 1998 defendants moved for summary judgment arguing that the complaint failed to state a cause of action, citing its allegation that plaintiff was working alone at the time of the accident and the absence of any legally cognizable basis on which defendants could be liable therefor. Plaintiff opposed

the motion and cross-moved for leave to serve an amended complaint, pursuant to CPLR 3025 (b), reflecting the account of the accident as described in his deposition testimony. Supreme Court, observing that plaintiff's original complaint failed to state a cause of action, permitted the amendment. Finding that the amended complaint raised issues of fact as to the circumstances of plaintiff's accident and defendants' role therein, the court denied defendants' motion for summary judgment. This appeal ensued.

Defendants' principal contention is that Supreme Court abused its discretion in permitting plaintiff to amend his complaint to change its factual averments and theory of defendants' negligence. They claim to be prejudiced due to the length of time elapsed since the action was commenced and maintain that the amendment was crafted to thwart their summary judgment motion. We are unpersuaded. It is well settled that "leave to amend a pleading pursuant to CPLR 3025 (b) shall be freely given and will remain undisturbed in the absence of an abuse of discretion" (*Hanchett v Graphic Techniques*, 243 AD2d 942, 943; *see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Rahn v Carkner*, 241 AD2d 585, 586). It is equally well settled that delay alone "does not warrant a denial of a motion for leave to amend unless such delay is coupled with substantial prejudice to the nonmoving party" (*Seamen Corp. v Binghamton Sav. Bank*, 243 AD2d 1027, 1028).

Applying these principles here, we find no abuse of discretion in permitting plaintiff to amend his complaint. As Supreme Court noted, although plaintiff's motion to amend was made some two years after commencement of the action, defendants were aware of the differing factual account two years earlier when plaintiff so testified in his deposition. Consequently, the court properly rejected defendants' claim of surprise and prejudice and their suggestion that the amendment was contrived to defeat the summary judgment motion. Likewise, Supreme Court properly denied defendants' motion for summary judgment in view of the obvious credibility issues raised by the amended complaint as to the circumstances of plaintiff's accident (*see, Hart v Bruno Mach. Corp.*, 250 AD2d 58, 62).

Crew III, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.