■ ARCHITECTURAL BUILDERS, INC., Appellant, v MEREDITH POLLARD et al., Respondents. [700 NYS2d 251] —Mugglin, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 8, 1998 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

In June 1994, plaintiff submitted proposals for three separate phases of renovation which defendants desired to be made to their home to improve its usefulness as a bed and breakfast facility. Each proposal contained a fixed price for the anticipated work and a provision indicating that extra work and/or change orders would be discussed, authorized and paid upon completion of work upon invoice, either at an agreed price or time and materials, plus overhead. One of the proposals had attached to it a document entitled "Provisions of the Agreement" which contained, *inter alia,* a requirement that any action related to the project brought by either party against the other must be brought within six months of the completion of work. Each proposal contained a statement "contract to follow". Although no other contracts were prepared, and despite the fact that defendants never signed the proposals, plaintiff completed the work on December 24, 1995.

On November 13, 1996, plaintiff brought this action to recover sums allegedly due and owing for work performed for defendants. Following joinder of issue and substitution of counsel for the defendants, defendants' motion to amend the answer to include the affirmative defense of the Statute of Limitations was granted by order of Supreme Court on March 12, 1998. Following the completion of examinations before trial, defendants moved for summary judgment dismissing the complaint on the basis of the contractually shortened Statute of

Limitations. Supreme Court granted the motion and dismissed the complaint, and plaintiff appeals.

Initially, we note that the propriety of Supreme Court's grant of leave to defendants to amend their answer to include the affirmative defense of the Statute of limitations is properly before us. The order entered September 8, 1998 which granted defendants' motion for summary judgment dismissing the complaint was, in effect, a final order which brings up for review the earlier nonfinal order of March 12, 1998 (*see*, CPLR 5501 [a]; *see also, Herrmann v Bilka*, 166 AD2d 756, 757; *Hurd v Lis*, 126 AD2d 163, 166, *lv dismissed* 70 NY2d 872). It is well settled that "leave to amend a pleading pursuant to CPLR 3025 (b) shall be freely given and will remain undisturbed in the absence of an abuse of discretion" (*Hanchett v Graphic Techniques*, 243 AD2d 942, 943). Delay alone is not sufficient to deny a motion to amend unless accompanied by significant prejudice (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). A review of this record demonstrates a complete absence of any prejudice to plaintiff. Not only was the contractually shortened Statute of Limitations contained in the contract prepared by plaintiff, but the intention of defendants to seek leave to amend the answer to include the affirmative defense was known by plaintiff prior to the completion of discovery and filing of a trial term note of issue. Accordingly, despite plaintiff's claim that defendants waived such defense by failing to initially raise it in their answer, Supreme Court's grant of leave to amend was proper.

Next we turn to the propriety of Supreme Court's dismissal of the complaint premised upon the contractual Statute of Limitations defense. Paragraph VI (b) of the "Provisions of the Agreement" states: "Attorney's fees: If either party becomes involved in litigation arising out of this [a]greement, the court shall award costs/expenses, including attorney fees to the party justly entitled to them".

Supreme Court found it was inconsistent for plaintiff to seek to recover counsel fees pursuant to this paragraph and at the same time deny the existence of the contract for other purposes, including the shortened Statute of Limitations. Accordingly, Supreme Court determined that the three proposals, including the "Provisions of the Agreement", "became the enforceable contract binding on the parties". We believe, based on this record, that this determination is correct. Nevertheless, we must reverse the dismissal of the complaint.

The aggregate amount due under the three proposals was the sum of $114,645.01. However, the complaint claims that

the sum of $224,839.39 was the total due and owing from defendants to plaintiff, of which defendants had paid the sum of $116,134.67. The record supports the conclusion that, at the very least, a question of fact exists as to whether the balance of the sum due and owing claimed by plaintiff arises from extra work and/or additional work which defendants verbally requested plaintiff to perform.

The proposals anticipate further agreement between the parties as to extra work and/or change orders. If such work was not within the scope of that called for by the contract, the terms and conditions of the contract would have no application (*see*, *Savin Bros. v State of New York*, 62 AD2d 511, 516, *affd* 47 NY2d 934). Accordingly, such claims would not be barred by the contractually shortened Statute of Limitations.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.