■ FRANK FALVO et al., Appellants, v HAROLD LEONELLI et al., Respondents. [711 NYS2d 252] —Peters, J. Appeals (1) from an order of the Supreme Court (Kramer, J.), entered May 19, 1999 in Schenectady County, which denied plaintiffs' motion for leave to amend their complaint, and (2) from an order of said court, entered June 24, 1999 in Schenectady County, which, *inter alia,* denied plaintiffs' motion for reargument.

The events precipitating this action stem from an agreement, dated October 1, 1984, between plaintiffs, Union Security Agency, Inc. and its owner/operator Frank Falvo, and defendants, H.A. Leonelli Agency, Inc., predecessor to Leonelli Union Security Agency, Inc. (hereinafter Leonelli Union), and its owner/operator Harold Leonelli. Plaintiffs agreed to place their insurance business through Leonelli Union and defendants agreed to pay them commissions therefrom. This action was commenced in November 1987 alleging, *inter alia,* in the amended complaint an interference with plaintiffs' business relationships, criminal conspiracy and the avoidance of contracts based upon fraud, usury, restraint of trade, RICO violations and criminal extortion. Plaintiffs thereafter commenced another action against various insurance companies alleging similar contentions and the cases were consolidated. By motion for summary judgment in 1997, wherein direct challenges to the legal and factual contentions in the amended complaint were raised and reviewed, all defendant insurance companies, other than Leonelli Union, had the claims against them dismissed by noting, *inter alia,* various pleading deficien-

cies. With only Leonelli Union and Leonelli remaining and after 13 years of delays in pretrial disclosure, Supreme Court set the trial date for May 24, 1999 despite the lack of a note of issue.

By order to show cause signed April 29, 1999, plaintiffs sought to amend the already amended complaint to assert only two causes of action—breach of the original October 1984 contract and fraud. In support of the motion, counsel conceded that while the first amended complaint did not include a claim for breach of contract, only "mak[ing] repeated reference to the contract between the parties", various causes of action contained therein have been rendered moot through the passage of time. Proposing that the second amended complaint was essentially an edited version of the first, it referred to an affidavit of defendants submitted in connection with the 1997 motion for summary judgment wherein they acknowledged that this was essentially a breach of contract action. Supreme Court denied plaintiffs' motion for leave to amend, prompting this appeal.*

We affirm. While CPLR 3025 (b) details that an amendment to a pleading, by leave of court, "shall be freely given upon such terms as may be just", the propriety of such amendment is entrusted to the discretionary authority of the trial court which will not be disturbed absent an abuse of discretion (*see, Thibeault v Palma*, 266 AD2d 616; *Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 251 AD2d 954, 955-956; *Allen v Vuley*, 223 AD2d 868, 869). Agreeing with plaintiffs' contention that mere delay is no justification for a denial of leave (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959), lateness in proffering such motion without excuse, yet with resultant prejudice, will be (*see, Thibeault v Palma, supra; see also, Edenwald Contr. Co. v City of New York, supra*).

The relevant issue here is the length of time that these causes of action were known to plaintiffs prior to their making of the motion. Our review reveals that the proffer came 13 years after the commencement of the action, over eight years after the end of the parties' contractual relationship by the terms of the underlying agreement and two years after the determination of the motion for summary judgment which put plaintiffs on notice of the deficiency of their pleadings. Upon our comparison of these complaints, we find the original allegations to focus on intentionally tortious activities upon which discovery proceeded, as compared to the now-emphasized

---

* Plaintiffs' motion to reargue was denied and, although a notice of appeal from said order was filed, the appeal was abandoned.

contractual breaches alleged to occur no less than eight years earlier and about which no discovery was focused.

Despite this history and the prejudicial effect of such amendment, if permitted, no excuse is offered for such delay nor is an explanation proffered as to why the motion was made within 30 days of the scheduled trial. To permit the amendment under these circumstances would certainly halt long-term litigation on the threshold of its conclusion and force additional defense expenditures since continued motion practice and disclosure would be required to determine the substance of these new allegations. Finding no viable contention that the denial of the motion was an improvident exercise of discretion (*see, Thibeault v Palma*, 266 AD2d 616, *supra*; *Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 251 AD2d 954, *supra*; *Allen v Vuley*, 223 AD2d 868, *supra*; *Liberatore v Kondrat*, 184 AD2d 809), we affirm the order entered May 19, 1999 and dismiss the appeal from the order entered June 24, 1999.

Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the ordered entered May 19, 1999 is affirmed, with costs. Ordered that the appeal from order entered June 24, 1999 is dismissed, with costs.