■ WOODRIDGE HOTEL, L. L. C., Respondent, v HOTEL LAKE HOUSE, INC., et al., Defendants, and MENDEL E. OFMAN, Appellant. [722 NYS2d 275] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), entered July 31, 2000, which, *inter alia*, granted plaintiff's motion for an order of foreclosure and sale of certain property mortgaged to plaintiff.

The subject foreclosure action involves adjoining tracts of land near the Village of Woodbridge, Sullivan County, which were owned by defendant Hotel Lake House, Inc., and defendants Abraham Schwartz and Israel Spiegel. Initially, separate purchase money mortgages were executed in favor of nonparty mortgagees against both parcels. The two mortgages were combined in August 1990 through a recorded "Consolidation, Modification and Spreading Agreement," which stated that the amount then due was $941,612.62. In May 1991, a second mortgage in the amount of $126,000 was executed and, in July 1994, assigned to defendant Mendel E. Ofman.

In March 1999, Hotel Lake House executed a deed which was not recorded to Lake House Holdings, L. L. C. for part of the property subject to the consolidated mortgage. At that time, the consolidated first mortgage and Ofman's second mortgage were in default. During the same period of time, the holders of the consolidated first mortgage contracted to sell that mortgage to plaintiff. It was further agreed that plaintiff would institute a foreclosure action to obtain free and clear title to the property so that a portion of it could be conveyed to pay the balance of the purchase price.

In May 1999, plaintiff commenced this foreclosure action. In response, Ofman submitted an answer containing a general denial with no affirmative defenses. A Referee filed a report indicating that the amount due on plaintiff's mortgage was $738,770.27. Although Ofman had properly answered, his response was erroneously overlooked. Accordingly, the Referee's report was ratified and confirmed and a default judgment of foreclosure and sale was incorrectly entered against Ofman. Upon learning of the mistake as to Ofman, plaintiff acknowledged the error and, thereafter, moved for summary judgment. Ofman cross-moved to vacate the Referee's report and judgment of foreclosure requesting that the matter be remanded to the Referee to recompute the amount due on the mortgage. In

an order dated December 16, 1999, County Court denied plaintiff's motion and granted Ofman's cross motion vacating that part of the report and judgment of foreclosure as pertained to Ofman. Pursuant to Ofman's request, the court ordered depositions and mandated that the Referee accept evidence as to the amount due to plaintiff and also file a supplemental report. Following the submission of various evidence, Ofman filed objections to the proposed report of the Referee and responses thereto were filed by plaintiff. In June 2000, the Referee filed the supplemental report adhering to the original findings as to the amount due and plaintiff moved to confirm that report. County Court granted the motion and entered a final superceding judgment of foreclosure and sale. Ofman appeals.

Initially, we are unpersuaded by Ofman's contention that the original incorrect judgment of foreclosure was not properly vacated against him in the December 1999 order. As a result, he argues that he was prevented from having all his arguments heard before the Referee and County Court. While County Court did not specifically use the word "vacate" in the order, it is clear, upon reading the decision, that was the court's intent. That conclusion is confirmed in the body of the July 2000 judgment on appeal herein where it is noted that the prior judgments of foreclosure were "partially vacated" as to Ofman in the December 1999 order. Specifically, the substance of Ofman's contention is that the entry of the default somehow prevented him from fully presenting his claims of merger and credit against the mortgage debt for occupancy pending foreclosure. However, the record does not support that position in that it reveals that his answer never set forth those affirmative defenses (*see*, CPLR 3018 [b]; *Andersen v Mazza*, 258 AD2d 726, 728). Moreover, he failed to move to amend his answer (*see*, CPLR 3025 [b]). Consequently, Ofman waived his right to assert the affirmative defenses (*see*, *Andersen v Mazza*, *supra*).

Next, we do not agree that the failure of the Referee to hold an evidentiary hearing was reversible error. Here, County Court, upon vacating the judgment of foreclosure as to Ofman, also granted his cross motion to remit "this matter back to the Referee with instructions to compute the amount due upon the mortgage alleged to be due the plaintiff on * * * notice to [Ofman]." In his cross motion, Ofman only disputed the amount of the mortgage and requested the opportunity to, *inter alia*, submit documentary evidence and examine witnesses. That relief was granted by County Court. We note that the parties charted their own course as to how the controversy would be resolved by submitting depositions and documentary evidence.

Ofman only requested a hearing on the narrow issue of merger which was not properly before the Referee. In any event, it has been held that any error resulting from a Referee not holding a hearing is harmless when the complaining party submits a "fairly detailed affidavit explaining the perceived errors in the Referee's calculations and delineating its rationale" (*Shultis v Woodstock Land Dev. Assocs.*, 195 AD2d 677, 679). Since this standard was met herein and the findings of the Referee are supported by the record (*see*, *Mondello v Mondello*, 253 AD2d 861), we find no reason to remit for an evidentiary hearing.

The remaining issues of the parties, including Ofman's claim that County Court erred in granting plaintiff's motion without conducting a trial, have been examined and found to be without merit.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.