■ MICHAEL J. MORRIS et al., Respondents, v DAVID J. CRAWFORD, Appellant. (And Another Related Action.) [722 NYS2d 296] —Crew III, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered June 22, 2000 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for leave to amend the complaint.

In August 1989, defendant and plaintiff Michael J. Morris entered into a purchase agreement, pursuant to the terms of which defendant was to buy into Morris' engineering firm, plaintiff Morris Associates. Thereafter, in February 1992, defendant, Morris and another individual executed and filed a certificate of business signifying that they were conducting business as a partnership. Beginning in March 1992, defendant and Morris engaged in a series of discussions regarding the direction that the partnership would take, including a proposal to separate the office of Morris Associates located in the City of Hudson, Columbia County, from the firm's primary office in the City of Poughkeepsie, Dutchess County, with defendant assuming responsibility for running the Hudson office. Negotiations between Morris and defendant apparently broke down and, in May 1992, defendant began operating a firm known as Crawford Associates out of the Hudson office.

Plaintiffs thereafter commenced this action in August 1992 seeking to recover damages incurred as the result of defendant's allegedly wrongful takeover of the Hudson office. The complaint initially alleged that defendant failed to make the required payments under the 1989 purchase agreement and, as such, was not a partner in the firm but, rather, a mere employee of Morris Associates. Defendant answered, asserted various affirmative defenses and, insofar as is relevant to this appeal, set forth a counterclaim for an accounting. Ultimately, the parties entered into a stipulation in March 2000, whereby they agreed that Morris and defendant were partners in Morris Associates until such date as Supreme Court determined that the partnership ended. Shortly after the stipulation was executed, defendant moved for summary judgment dismissing the complaint, contending that plaintiffs' action was premature as no accounting had been conducted. Plaintiffs opposed the

motion and cross-moved for leave to amend the complaint to include a cause of action for an accounting. Supreme Court denied defendant's motion and granted plaintiffs' cross motion, prompting this appeal.

We affirm. Turning first to plaintiffs' cross motion to amend their complaint, "[i]t is well settled that 'leave to amend a pleading pursuant to CPLR 3025 (b) shall be freely given and will remain undisturbed in the absence of an abuse of discretion'" (*Branch v Green*, 265 AD2d 646, 647, quoting *Hanchett v Graphic Techniques*, 243 AD2d 942, 943; *see, Architectural Bldrs. v Pollard*, 267 AD2d 704, 705). Additionally, the case law makes clear that "[d]elay alone is not sufficient to deny a motion to amend unless accompanied by significant prejudice" (*Architectural Bldrs. v Pollard, supra,* at 705).

Applying these principles to the matter before us, we perceive no abuse of discretion in Supreme Court's decision to grant plaintiffs' cross motion for leave to amend their complaint to assert a cause of action for an accounting. Although plaintiffs' theory of the case changed somewhat, initially asserting that defendant was an employee in the firm and then stipulating that he indeed was a partner, the operative facts—namely, the existence of the parties' 1989 purchase agreement and defendant's alleged breach thereof—were all set forth in the initial complaint, in response to which defendant answered and asserted a counterclaim for an accounting. As the record reflects that defendant was aware of the pertinent factual allegations at the outset, we fail to see how the delay in seeking the proposed amendment substantially prejudiced defendant by hindering him in the preparation of his case (*see, Garrison v Clark Mun. Equip.*, 239 AD2d 742, 742-743).

As to defendant's motion for summary judgment, defendant correctly notes that, as a general rule, "'partners cannot sue each other at law unless there is an accounting, prior settlement, or adjustment of the partnership affairs'" (*Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 115, quoting *Agrawal v Razgaitis*, 149 AD2d 390, 390; *see, Wynne v Gruber*, 237 AD2d 284). This general rule reflects "the judicial desire to avoid entering into the day-to-day management of the partnership and to avoid piecemeal adjustments of the amount due each partner" (*St. James Plaza v Notey*, 95 AD2d 804, 805; *see, Gramercy Equities Corp. v Dumont*, 72 NY2d 560, 564-565). As Supreme Court aptly observed, however, the cited rule need not be invoked here. The record supports the conclusion that the parties have not conducted business as partners since 1992, thereby limiting the period of time that the accounting would

need to cover and obviating any need for judicial intervention into the daily operations of Morris Associates. Additionally, dismissal of plaintiffs' causes of action pending completion of a separate accounting would not serve the interest of judicial economy. Accordingly, defendant's motion was properly denied.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.