■ GALLO BROTHERS CONSTRUCTION, INC., Appellant-Respondent, v MARY PECCOLO, Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [722 NYS2d 123] —Rose, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered February 15, 2000 in St. Lawrence County, which, *inter alia,* granted plaintiff's motion to amend its complaint, denied plaintiff's motion for an order nunc pro tunc to extend the lis pendens and denied defendant Mary Peccolo's motion for summary judgment dismissing the complaint against her.

In 1990, plaintiff delivered 120,000 cubic yards of fill to defendant Mary Peccolo's land allegedly pursuant to an oral

contract between plaintiff and Paul Erickson, president of defendant Newgate Corporation. Plaintiff was not paid and so it filed a mechanic's lien in 1991, extended the lien in 1992 and commenced this action to foreclose the lien in March 1993. Plaintiff filed a notice of pendency on April 1, 1993. Peccolo, who had demanded that plaintiff remove the fill from her land and denied giving permission to anyone to deposit it there, sold the land to Wal-Mart Stores on the same day the notice of pendency was filed. She then answered and commenced a third-party action for indemnification against Wal-Mart.

In 1999, after unsuccessful negotiation and a lengthy period of inaction by all parties, Wal-Mart and Peccolo moved separately for dismissal of plaintiff's complaint and cancellation of the notice of pendency pursuant to CPLR 6514. Plaintiff then moved to amend its complaint to add a claim against Peccolo personally for conversion or, alternatively, alleging that Peccolo was the beneficiary of an agreement between plaintiff, defendant A.B.A. Kraemer-Ross Corporation (hereinafter ABA) and Newgate to improve her property. Plaintiff also applied for an order extending the notice of pendency nunc pro tunc. Supreme Court granted Wal-Mart's motion and plaintiff's motion to amend its complaint against Peccolo, but denied plaintiff's motion for a nunc pro tunc order and Peccolo's motion to dismiss plaintiff's lien foreclosure action against her. Plaintiff and Peccolo both appeal.

Although leave to amend pleadings should be "freely given" within the court's discretion (CPLR 3025 [b]) and an exercise of this discretion is not to be lightly set aside (*see, Falvo v Leonelli*, 274 AD2d 896, 897; *Branch v Green*, 265 AD2d 646, 647; *Scott v KeyCorp*, 247 AD2d 722, 726), Supreme Court erred in permitting plaintiff to amend its 1993 complaint to add a claim against Peccolo. While plaintiff correctly argues that the Statute of Limitations will not bar a proposed cause of action considered to "relate back" to the initial pleading (*see*, CPLR 203 [f]; *Buran v Coupal*, 213 AD2d 863, 865-866, *affd* 87 NY2d 173), a demonstration that significant prejudice will result from the moving party's unexcused delay in seeking to add the proposed claim will warrant denial of the motion to amend (*see, Falvo v Leonelli, supra*, at 897; *Thibeault v Palma*, 266 AD2d 616, 617; *cf., Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).

Here, plaintiff's six-year delay after filing the original complaint required a denial of its motion to add its proposed claim for conversion because it is effectively undisputed that Erickson is now missing and the alleged contracting parties, ABA

and Newgate, no longer exist (*see, Edenwald Contr. Co. v City of New York, supra,* at 959).

Turning next to plaintiff's contention that it was error for Supreme Court to cancel the notice of pendency and dismiss the underlying lien foreclosure action pursuant to CPLR 6514, we note initially that a mechanic's lien expires as a matter of law one year after filing unless, within that time, it is extended by court order or an action is brought to foreclose it (*see,* Lien Law § 17). In the latter instance, the accompanying notice of pendency automatically extends the life of the lien for three years (*see,* CPLR 6513). However, if the notice of pendency is not extended within that three-year period, the lien itself expires by operation of law (*see, Modular Steel Sys. v Avlis Contr. Corp.,* 89 AD2d 891, 891). As there is no dispute that the notice of pendency expired in 1996 without plaintiff having moved for its extension, Supreme Court properly cancelled it and dismissed the foreclosure action pursuant to CPLR 6514. Supreme Court also properly denied plaintiff's motion to extend its time to move pursuant to CPLR 2004, as plaintiff offered no explanation, much less good cause, for its failure to request such relief during the time allotted.

As a final matter, the dismissal of the lien foreclosure action without amendment of the complaint leaves no action pending against Peccolo and requires dismissal of the complaint as to her.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to amend its complaint and denied defendant Mary Peccolo's motion to dismiss plaintiff's complaint; plaintiff's motion denied, Peccolo's motion granted and complaint dismissed against her; and, as so modified, affirmed.