■ F & K Supply, Inc., Doing Business as Fowler & Keith Supply Company, et al., Appellants, v Willowbrook Development Company et al., Respondents, et al., Defendants. (And 14 Other Related Actions.) [732 NYS2d 734] —Mugglin, J. Appeals (1) from an amended order of the Supreme Court (Kavanagh, J.), entered June 1, 2000 in Ulster County, which ruled that a settlement agreement was unenforceable, and (2) from an amended order of said court, entered June 2, 2000 in Ulster County, which, *inter alia*, granted defendant Lillian Aaron's cross motion to amend the complaints in action Nos. 7 and 8.

Steven Aaron (hereinafter plaintiff) and Lillian Aaron (hereinafter defendant), individually and, *inter alia*, on behalf of certain family-owned corporations and partnerships, have been engaged in at least 15 lawsuits for more than the last decade. The first issue on this appeal is the enforceability, in whole or in part, of a document signed by them on June 1, 1995 (hereinafter the June 1 agreement). In an apparent attempt to mediate and resolve their differences, plaintiff and defendant met with Lewis Kirschner (defendant's first cousin) on May 30 and

31, 1995. Thereafter, plaintiff produced the June 1 agreement which he represented was a typed summary of Kirschner's notes. Following some handwritten interlineations, the parties signed this document. By its terms, it contemplated future meetings and negotiations, which were held, but ended in failure. Pursuant to a stipulation, Supreme Court was requested to determine whether and to what extent the June 1 agreement settled, resolved or compromised the 15 actions. Following an evidentiary hearing, Supreme Court held that the document was unenforceable in its entirety since it was vague and ambiguous in its essential material terms. Plaintiff appeals from this order.

The second issue on this appeal involves complaints in action Nos. 7 and 8 which were commenced by defendant against plaintiff. Plaintiff sought dismissal of these complaints contending that each failed to state a cause of action. In opposition, defendant cross-moved for leave to amend both complaints to allege causes of action for the imposition of constructive trusts. Supreme Court denied plaintiff's motion to dismiss and granted defendant's cross motion for leave to amend. Plaintiff appeals from this order as well.

Our analysis of the first issue begins by recognizing that whether an ambiguity exists relative to a contract term is a question of law to be determined by the court (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *Ruthman, Mercadante & Hadjis v Nardiello*, 260 AD2d 904, 906). "If the court concludes that a contract is ambiguous, extrinsic evidence may be considered to discern the meaning of the contract" (*Ruthman, Mercadante & Hadjis v Nardiello, supra*, at 906 [citations omitted]). Ultimately, the resolution of any ambiguity is for the trier of fact (*see, id.*, at 906).

The doctrine of definiteness, well established in contract law, "means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91; *see, Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589). It is axiomatic that "[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816; *see, Spectrum Research Corp. v Interscience, Inc.*, 242 AD2d 810, 811). Furthermore, "a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Martin Delicatessen v Schumacher*, 52 NY2d 105, 109; *see, Matter of 166 Mamaroneck Ave.*

*Corp. v 151 E. Post Rd. Corp., supra,* at 91; *Spectrum Research Corp. v Interscience, Inc., supra,* at 811).

While "definiteness as to material matters is of the very essence [of] contract law" (*Martin Delicatessen v Schumacher, supra,* at 109), and impenetrable vagueness and uncertainty will not suffice (*see, id.,* at 109), all terms of a contract need not be fixed with absolute certainty as "at some point virtually every agreement can be said to have a degree of indefiniteness" (*Cobble Hill Nursing Home v Henry & Warren Corp., supra,* at 483). However, "[w]hile there must be a manifestation of mutual assent to essential terms, parties also should be held to their promises and courts should not be 'pedantic or meticulous' in interpreting contract expressions" (*id.,* at 483, quoting 1 Corbin, Contracts § 95, at 396).

With these principles to guide us, we review Supreme Court's decision to determine if the challenged terms and phrases in the June 1 agreement are impenetrably vague and uncertain and whether they are material. We conclude that Supreme Court correctly answered each in the affirmative. Initially, we note that plaintiff makes no argument that the terms are not material. Indeed, as the terms at issue concern the consideration for this agreement, the obligations assumed by the parties pursuant to the agreement and what parties are bound by the agreement, it could not be credibly argued that the terms are not material.

Turning to the issue of ambiguity, we note that the June 1 agreement is entitled "Agreement between Steven L. Aaron, et al and Lillian Aaron, et al" and provides at paragraph 3: "In consideration of Steven L. Aaron's relinquishment of certain claims against Lillian Aaron, et al, and the relinquishment of his inheritance rights from Lillian Aaron, Steven L. Aaron will receive not less than 25% of the holdings [real estate or equivalent] of Lillian Aaron as of the date of this agreement exclusive of mutually agreed upon assets. The final percentage of the holdings of Lillian Aaron to be distributed to Steven L. Aaron, is to be negotiated at the next meeting to the best advantage tax wise to both parties."

Supreme Court correctly found that the document does not otherwise define the term "certain claims." Moreover, the court found nothing surrounding the execution of the document that clarifies this term. While the mediator's notes make reference to a list of such claims, no list was produced at the hearing. Furthermore, Supreme Court found, and we agree, that the phrase "Lillian Aaron, et al" is ambiguous and is not explained by the document or the surrounding circumstances. Whether

such phrase was intended to include some or all of the other defendants and whether or not defendant could bind them by her signature are all matters which are unknown on this record. Equally uncertain is the obligation assumed by defendant. What would constitute not less than 25% of her real estate or equivalent holdings "exclusive of mutually agreed upon assets" is unexplained, resulting in only an unenforceable agreement to agree (*see, Martin Delicatessen v Schumacher*, 52 NY2d 105, 109, *supra*).

We also find that Supreme Court correctly determined the June 1 agreement to be one entire, nonseverable document. "Whether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted" (*Christian v Christian*, 42 NY2d 63, 73 [citation omitted]; *accord, Barden & Robeson Corp. v Timmerman*, 116 AD2d 814, 815-816). This agreement contains no severability clause. Moreover, the absence of an expression of consideration in any paragraph (other than paragraph 3) flowing from plaintiff to defendant militates against severability.

Turning to the second issue, we perceive no abuse of discretion in Supreme Court's grant of leave to amend the complaint in action Nos. 7 and 8 (*see, Morris v Crawford*, 281 AD2d 805, 806). Delay alone in making the motion is insufficient as a basis upon which to deny it unless the opposing party demonstrates significant prejudice (*see, id.; Falvo v Leonelli*, 274 AD2d 896, 897; *Architectural Bldrs. v Pollard*, 267 AD2d 704, 705). Here, despite significant delay, plaintiff has demonstrated no prejudice from the amendment.* We have considered and reject the balance of plaintiff's contentions as without merit. In doing so, we note specifically that the exclusion of parol evidence is a matter committed to the sound discretion of the trial court (*see, Sleasman v Sherwood*, 212 AD2d 868, 869-870) and we perceive no basis upon which to conclude that the trial court abused its discretion.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the amended orders are affirmed, without costs.

---

* It appears from a footnote in defendant's brief and from the appendix to plaintiff's brief (both obviously outside this record) that during the pendency of this appeal, Supreme Court held a trial of the actions not previously settled, including action Nos. 7 and 8. Apparently, the court found that defendant failed to establish the existence of facts from which a constructive trust could be imposed on the property at issue in those actions and dismissed those claims. Absent an appeal by defendant, this issue may be moot.