■ David Fregoe et al., Respondents, v Margaret Fregoe, Appellant. [826 NYS2d 755]—

Peters, J.P. Appeal from an amended judgment of the Supreme Court (Dawson, J.), entered September 2, 2005 in Essex County, upon a verdict rendered in favor of plaintiffs.

Defendant[1] made a series of statements to the police and various courts alleging that between October 2003 and May 2005, her brother, plaintiff David Fregoe, and her sister, plaintiff Mary Eileen Reichhart, raped and/or assaulted her on multiple occasions. No charges were ever filed and all orders of protection, as well as defendant's petition filed with Family Court, were eventually dismissed.

Fregoe and Reichhart, along with their respective spouses, derivatively, instituted this defamation action seeking damages and a permanent injunction. As here relevant, defendant failed to plead truth as an affirmative defense in her answer. Her motion to amend her answer to rectify this oversight was not brought until the second day of trial, a day after plaintiffs successfully moved in limine to preclude defendant from presenting truth as an affirmative defense. Supreme Court denied defendant's motion to amend her answer and, following a jury trial, awarded plaintiffs both compensatory and punitive damages. Defendant appeals.

In a defamation action, the burden is upon the defendant to plead and prove truth as an affirmative defense (*see Bounds v Mutual of Omaha Ins. Co.*, 37 AD2d 1008, 1008 [1971]); the failure to do so will result in a waiver (*see Rooney v Slomowitz*, 11 AD3d 864, 867 [2004]; *Woodridge Hotel v Hotel Lake House*, 281 AD2d 778, 779 [2001], *lv dismissed* 96 NY2d 854 [2001]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:15).[2] While defendant did properly pursue the correct course to make an amendment to her answer to assert the affirmative defense of truth (*see* CPLR 3025), we find no error in Supreme Court's denial of her motion (*see Woodridge Hotel v*

---

1. Defendant also goes by the name Meagan.
2. In an action of this kind, the defense of truth will not be deemed raised as a necessary aspect of the other asserted defenses; "a general denial puts in issue only matters which defendant is bound to prove on its counterclaim" (*Munson v New York Seed Improvement Coop.*, 64 NY2d 985, 987 [1985]; *see Woodridge Hotel v Hotel Lake House, supra* at 779).

*Hotel Lake House, supra* at 779). As a determination left to the sound discretion of the trial court (*see U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002]; *Christenson v Gutman*, 249 AD2d 805, 808 [1998]; *Mathiesen v Mead*, 168 AD2d 736, 736 [1990]), Supreme Court properly focused on the late timing of defendant's motion and the prejudice which would have enured to plaintiffs had the motion been granted (*see U.W. Marx, Inc. v Mountbatten Sur. Co., supra* at 623; *Yavorski v Dewell*, 288 AD2d 545, 546 [2001]; *Falvo v Leonelli*, 274 AD2d 896, 897-898 [2000]).[3]

Also proper was Supreme Court's denial of defendant's request to charge the jury that due to its denial of her motion, she was precluded from presenting evidence concerning the truth of her statements. The charge did not relate to the elements of plaintiffs' claims, to the defenses that defendant properly asserted, or to any other fundamental issue of which the jury should have been apprised (*see Liberatore v Kondrat*, 184 AD2d 809, 812 [1992]).

Next reviewing the finding that defendant's assertion of a qualified immunity was defeated by plaintiffs' proof that defendant acted with malice in making the allegedly defamatory statements (*see Liberman v Gelstein*, 80 NY2d 429, 437-439 [1992]; *Levy v Grandone*, 14 AD3d 660, 662 [2005]; *Chapo v Premier Liq. Corp.*, 259 AD2d 1050, 1051 [1999]; *Christenson v Gutman, supra* at 807), we note that the showing of malice must be either, under its common-law definition, spite or ill will or, under its constitutional definition, a " 'high degree of awareness of their probable falsity' " (*Liberman v Gelstein, supra* at 438, quoting *Garrison v Louisiana*, 379 US 64, 74 [1964]). Here, the record is replete with testimony about the alleged assaults, the circumstances surrounding their perpetration and defendant's reporting of such incidents to the village police, state police, Reichhart's boss and others. However, defendant's testimony was often inconsistent, vague, openly incorrect and, at times, incredible. From this testimony, sufficient evidence was presented for a jury to conclude that under either definition, defendant was motivated by malice when the defamatory statements were made. Since it cannot be said that the evidence so preponderated in defendant's favor that the jury's verdict should be overturned (*see Macri v Smith*, 23 AD3d 971, 971-972 [2005]), we next review the challenge to the award on the derivative claims. Sufficient evidence was presented concerning the effect

---

**3.** Notably, this did not preclude defendant from arguing that she believed the statements she made were true to support her defense of qualified privilege.

that defendant's defamatory statements had on the lives of Fregoe's and Reichhart's spouses and how such statements impacted their spousal relationship. Having reviewed and rejected defendant's remaining contentions, we affirm.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the amended judgment is affirmed, with costs.