Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc. (2024 NY Slip Op 06171)

Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP v AVRA Surgical Robotics, Inc.

2024 NY Slip Op 06171

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 153447/20 Appeal No. 3207 Case No. 2024-00121 

[*1]In the Matter of Quinn, Emanuel, Urquhart & Sullivan, LLP, Petitioner-Respondent,
v
AVRA Surgical Robotics, Inc., et al., Respondents, Jared B. Stamell, Respondent-Appellant.

Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Geneva McDaniel of counsel), for Quinn Emanuel & Sullivan, LLP, respondent.

Judgment (denominated an order), Supreme Court, New York (Dakota D. Ramseur, J.), entered on or about December 12, 2023, granting petitioner's motion for a money judgment against respondent-appellant Jared B. Stamell in the principal amount of $296,880.33, unanimously reversed, on the law, without costs, the award vacated, and the matter remanded for proceedings consistent with this decision.
Petitioner commenced this special proceeding against respondents by filing a turnover petition under CPLR 5225 and 5227, seeking an order directing respondent AVRA Surgical Robotics, Inc. to satisfy a judgment for legal fees. According to petitioner, after they initiated the proceeding, respondents began moving to protect AVRA Surgical's assets from any potential judgment by transferring them to a new company, respondent AVRA Medical Robotics, Inc., which was in the same line of business as AVRA Surgical, was owned and operated by the same individuals, and was created at least in part to evade payment of AVRA Surgical's debts.
Initially, the issue of alter ego liability has been preserved for appellate review. The final order appealed brings up for review a November 9, 2020 order, which granted the petition upon a finding that Stamell, an officer of AVRA Surgical Robotics, was an alter ego of respondents AVRA Surgical Robotics, Inc. and AVRA Medical Robotics, Inc. for the purposes of CPLR 5225 and 5227 (CPLR 5501; see Architectural Bldrs. v Pollard, 267 AD2d 704, 705 [3d Dept 1999]; 217 Front St. Metals & Rubber Corp. v Klug, 143 Misc 164, 165 [App Term 1st Dept 1932]). On the motion to dismiss the petition, Stamell maintained that the petition should be dismissed because the evidence submitted with the petition did not establish a transfer between AVRA and AVRA Medical. Rather, according to Stamell, another AVRA Surgical shareholder, who is not a respondent in the proceeding, cheated AVRA Surgical out of $4.5 million by transferring AVRA Surgical's funds to his own engineering firm and then selling that company to an undisclosed third party. In his affirmation in support of the motion to dismiss, Stamell also denied that he and AVRA Surgical were "alter egos," or that he had "dominated and controlled [AVRA Surgical] and wrongly transferred unidentified assets from [AVRA Surgical] to [AVRA Medical]." Although Stamell did not make specific arguments tied to alter ego liability, he did argue that he had not engaged in fraud or other wrongdoing such that he should be liable for AVRA Surgical's debts — a necessary predicate to imposing alter ego liability (see Tower 570 Co., L.P. v Miller & Wrubel P.C., 213 AD3d 590, 591 [1st Dept 2023]).
As to the merits, a special proceeding allows the court to "make a summary determination upon the pleadings, papers and admissions to the extent that no triableissues of fact are raised" (CPLR 409[b]). However, Stamell sufficiently raised factual issues that should have foreclosed the summary disposition imposed in the November [*2]9, 2020 order. Because there was no showing that Stamell engaged in wrongful conduct or that he otherwise abused the corporate form, the finding that Stamell was personally liable for AVRA Medical's debts was premature (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407-408 [1st Dept 2014]). Neither petitioner nor the court identified money or other property in Stamell's possession or custody that was transferred to him so as to impose liability under CPLR 5225. Moreover, petitioner did not show, and Supreme Court did not find, that Stamell was or would "become indebted to the judgment debtor" so as to impose liability under CPLR 5227.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024