NEIL R. AVERILL, as Limited Administrator of the Estate of JAMES R. AVERILL, Deceased, Appellant, v. BEN ATKINS, Doing Business as TENT CITY AND ROCHESTER SURPLUS MERCHANDISE, INC., Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The plaintiff should have been permitted to amend the pleadings to conform with the proof so as to allege that the rifle was purchased by William Moulton for Donald Averill and not for the plaintiff's intestate, James Averill. The court refused to do so on the ground it would result in a departure from the theory of the complaint. There was no surprise to the defendant since at the examination before trial William Moulton testified he received $80 from Donald Averill to make the purchase of the gun and the bill of particulars stated that the purchase was made for the brother of the deceased. This was the testimony on trial and no objection was taken. In such a situation the pleadings would be deemed amended to conform to the proof (*Di Rosse v. Wein,* 24 A D 2d 510). Such an amendment would have permitted the jury to determine if William Moulton was just a front or an agent and that the sale was made to Donald Averill, a person under the age of 16 years, in violation of subdivision 5 of section 1898 of the Penal Law. In any event the question of common-law negligence should have been submitted to the jury. (Appeal from judgment of Monroe Trial Term dismissing complaint in action for damages for wrongful death.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

 In the Matter of CHARLES L. GURNEY, II, et al., Appellants, v. ZONING BOARD OF APPEALS OF THE CITY OF BUFFALO, Respondent, and CHILDREN'S HOSPITAL OF BUFFALO, Intervenor-Respondent. (Appeal No. 1.) — Judgment insofar as appealed from unanimously affirmed, without costs. Memorandum: In affirming we recognize as does the hospital that further action by the Common Council is required to remove the restrictions on some of the areas which the hospital plans to use for parking purposes and that such action must be completed before construction begins. This does not invalidate the variance properly granted by the Zoning Board of Appeals for a 10-story hospital. A plan for adequate parking for such structure has been presented after the completion of a study by experts of the traffic and parking problem authorized by the Common Council and approved by the Board of Parking and the Board of Safety, all of which was considered by the Zoning Board of Appeals. (Appeal from certain parts of judgment of Erie Special Term dismissing part of petition.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

 In the Matter of CHARLES L. GURNEY, II, et al., Appellants, v. ZONING BOARD OF APPEALS OF THE CITY OF BUFFALO, Respondent and CHILDREN'S HOSPITAL OF BUFFALO, Intervenor-Respondent. (Appeal No. 2.).— Judgment unanimously affirmed, without costs. Same Memorandum as in *Matter of Gurney v. Zoning Board of Appeals,* 32 A D 2d 738), decided concurrently herewith. (Appeal from judgment of Erie Special Term dismissing petition to review determination of Zoning Board of Appeals.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.