■ PHYLLIS BERKOWITZ, Respondent, v HOWARD BERKOWITZ et al., Appellants. — Mikoll, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 11, 1984 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury.

Plaintiff and her former husband, defendant Howard Berkowitz (hereinafter defendant), were divorced in 1978. A separation agreement previously executed by them, which survived the divorce decree, required defendant to pay plaintiff weekly maintenance of $115. In November of 1979, defendant commenced paying plaintiff $60 per week for seven months. Thereafter, he stopped making any payments. On July 29, 1980, plaintiff commenced an action to recover the arrearages. The judgment entered thereon in January 1981 was eventually satisfied in 1983 by garnishment of defendant's wages. Subsequent judgments against defendant for arrears accruing after the first judgment remain unsatisfied.

The instant action was instituted by plaintiff against defendant and his new wife in 1983 to set aside, as fraudulent, defendant's conveyance of the parties' former marital residence to himself and his new wife as tenants by the entirety by deed dated July 21, 1980 and recorded August 11, 1980. Plaintiff had previously conveyed her interest in the premises to defendant for $15,000 pursuant to their separation agreement. The deed

recited: "This conveyance is between spouses and for nominal consideration. No deed stamps are required."

Plaintiff's complaint sought relief in reliance on Debtor and Creditor Law §§ 273-a and 276. The trial court found that no violations of these sections had occurred. However, it found, *sua sponte,* that the transfer was made in contravention of Debtor and Creditor Law §§ 273 and 275 and was, therefore, fraudulent and void as to plaintiff. This appeal by defendants ensued.

There must be a reversal of the judgment and a dismissal of plaintiff's action for failure to make out a prima facie case. The trial court properly found that plaintiff had failed to sustain causes of action under Debtor and Creditor Law §§ 273-a and 276. Pursuant to CPLR 3025 (c), when a party pleads one action and fails to sustain it, pleadings should not be amended to conform to the proof unless no substantial prejudice will accrue to the opponent. It cannot be said that defendant was not prejudiced by permitting the pleadings to be amended in this case.

Plaintiff did not allege insolvency in her complaint, nor did she at trial allege reliance on insolvency for recovery. Insolvency is, however, an essential element of an action under Debtor and Creditor Law § 273 (*Mariner Harbor Natl. Bank v Imperial Beverage Corp.*, 264 App Div 785; *Torr v Torr,* 24 Misc 2d 129, 130). That section provides that a conveyance by a person who is or will be rendered insolvent by the conveyance is fraudulent, regardless of any actual intent to defraud creditors. If the conveyance is made with fair consideration, however, it is valid regardless of the grantor's solvency.

Use of a theory relying on defendant's insolvency for recovery would be prejudicial to this defendant since he was not prepared to defend on such premise. The trial court, therefore, improperly denied dismissal of plaintiff's complaint on a theory of conforming the pleadings to the proof at trial. We note, also, that there was ample proof in this record indicating fair consideration for the property transfer. A transfer in consideration of marriage constitutes fair consideration. Defendants testified that the transfer was made in consideration of their marriage and for house remodeling paid for by defendant's new wife. Recovery under Debtor and Creditor Law § 273, therefore, would not be sustainable on this record because there is valid consideration underlying the transfer of title.

Debtor and Creditor Law § 275 provides that a conveyance is fraudulent if it is made without fair consideration when the grantor believes he will incur debts beyond his ability to pay.

We have noted that the record amply sustains fair consideration for defendant's transfer of title of his property to himself and his new wife. Thus, a cause of action under Debtor and Creditor Law § 275 is also not sustainable, and the trial court's amendment of the pleadings was in error.

Judgment reversed, on the law, and complaint dismissed, with costs. Mahoney, P. J., Mikoll and Harvey, JJ., concur; Casey and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J.

Yesawich, Jr., J. (dissenting). We are not persuaded that defendants demonstrated that they were somehow prejudiced by the trial court's undertaking to disregard the variance between the pleadings, which indicated relief was sought in reliance upon Debtor and Creditor Law §§ 273-a and 276, and the proof, which the court found established that Debtor and Creditor Law §§ 273 and 275 had been contravened.

Section 273 deems conveyances made by a person who is insolvent or will be rendered insolvent thereby fraudulent; section 275 also treats a conveyance made when the transferor "intends or believes that he will incur debts beyond his ability to pay as they mature" as fraudulent. In each instance, the statute's focus is on the transferor's strained financial condition. That defendant Howard Berkowitz' (hereinafter defendant) financial outlook was indeed bleak at the time of the conveyance on the day after his remarrriage, and that the very purpose of the trial was to explore his financial situation, is eminently clear. At trial, he testified in response to his counsel's inquiry that "having recently divorced myself of most of my capital in the separation and divorce, I was relatively without funds", and further, that his cash assets were depleted. Answering the trial court's specific questions relating to his solvency at the time of the challenged conveyance, defendant reaffirmed that he was in financial difficulty. Under the circumstances, an award by the trial court based on defendant's insolvency and knowing inability to pay his debts was neither surprising nor prejudicial (see, CPLR 3025 [c]; Dittmar Explosives v A.E. Ottaviana, Inc., 20 NY2d 498, 502-503). Moreover, defendant did not object to such proof but volunteered it, thus reinforcing the trial court's discretionary decision to conform the pleadings to the proof (see, Averill v Atkins, 32 AD2d 738) and award plaintiff the relief to which she was entitled (see, Farano v Stephanelli, 7 AD2d 420, 427).

Substantively, there is ample evidence that when defendant divested himself of sole ownership of the marital residence, he intended or believed that obligations beyond his ability to pay

were maturing; therefore, a cause of action under Debtor and Creditor Law § 275 was established. As noted, defendant himself testified that, at about the time of the conveyance, his financial situation was precarious. Although he had some $3,000 in savings, he had just returned to work after a life-threatening illness and owed $7,000 to $8,000 in medical expenses. Defendant also was indebted to plaintiff for over $3,000 in accrued alimony and his obligation to maintain her was continuing to mount at the rate of $115 per week.

More importantly, there was, in our view, less than fair consideration for the conveyance. In the context of Debtor and Creditor Law article 10, fair consideration is not the unencumbered concept of consideration that pervades general contract law, but a statutorily circumscribed one. And pursuant to the statute, " '[f]air condition' is given for property when, as a fair equivalent therefor and in good faith, property is conveyed or an antecedent debt is satisfied, or when the property is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property (Debtor and Creditor Law, § 272)" (*Schmitt v Morgan,* 98 AD2d 934, 935, *appeal dismissed* 62 NY2d 914; *accord, Hickland v Hickland,* 100 AD2d 643, 645, *appeal dismissed* 63 NY2d 951). When none of these conditions is present, the necessary consideration is lacking. In this instance, the deed itself belies the existence of fair consideration for it expressly provided that no real estate transfer tax was payable because the transfer was "between spouses and for nominal consideration" (*see,* Tax Law § 1405 [b] [4]). Nor does the promise of defendant's new wife that she would pay for future remodeling of the residence constitute fair consideration for the conveyance (*cf. Rush v Rush,* 19 AD2d 846; *Matter of Oppenheim,* 269 App Div 1040).

Although we believe that a cause of action was made out under Debtor and Creditor Law § 275, like the majority we are also unable to find that one was established under Debtor and Creditor Law § 273. We do so, however, because the record is devoid of any evidence fixing the value of defendant's interest in the tenancy by the entirety, thus precluding a determination of whether he was rendered insolvent by the fact of the conveyance.

Accordingly, we would affirm the judgment.