■ CINDY DURRANT, as Administratrix of the Estate of FAVIA DURRANT, Also Known as KATHLEEN F. DURRANT, Deceased, Respondent, v FRED KELLY et al., Appellants.—In an action to set aside a fraudulent conveyance of land, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Santucci, J.), dated June 20, 1990, which, *inter alia,* granted the plaintiff's motion for summary judgment.

Ordered that on the court's own motion, Cindy Durrant, as administratrix of the estate of Favia Durrant, is substituted as the plaintiff herein, and the caption is amended accordingly; and it is further,

Ordered that the order and judgment is affirmed, with costs.

It is undisputed that Cindy Durrant was never formally substituted as the plaintiff herein when she replaced the prior

administrator of the estate. However, the failure to seek timely substitution in a proper manner is deemed waived due to the active participation of the parties in the litigation, without objection *(see, Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.,* 112 AD2d 819, 820; *Hemphill v Rock,* 87 AD2d 836). Under the circumstances of this case and on the court's own motion, Cindy Durrant, as administratrix of the estate of Favia Durrant, is substituted as the plaintiff herein to correct this defect *(see, Wichlenski v Wichlenski,* 67 AD2d 944).

Although Suffolk County would have been the proper venue for this action since the subject premises are located in that county, the defendants' failure to timely raise an objection to the improper venue constituted a waiver of that relief as a matter of right *(see, Central Fed. Sav. v Banchik,* 176 AD2d 482).

The defendant Fred Kelly transferred real property to his wife without fair consideration at a time when an action for damages was pending against him, and the ensuing judgment against him was never satisfied. Accordingly, the transfer is deemed to be a fraudulent conveyance *(see, Farm Stores v School Feeding Corp.,* 102 AD2d 249), and summary judgment was properly granted to the plaintiff. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.