■ CORPORATION OF LLOYD'S, Respondent, v ELIZABETH M. FUNK, Also Known as ELIZABETH M. CAMERON-WEBB, Appellant, et al., Defendant. (And a Related Title.) [668 NYS2d 211] —In an action, *inter alia,* to set aside as fraudulent conveyances certain transfers made to the defendant Elizabeth M. Funk a/k/a Elizabeth M. Cameron-Webb by the defendant Peter Edwin John Cameron-Webb, Elizabeth M. Funk a/k/a Elizabeth M. Cameron-Webb appeals (1) from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 12, 1996, which granted the plaintiff's motion for partial summary judgment, and, as limited by her brief, from so much of (2) an order of the same court entered October 2, 1996, as, upon granting the motion of the defendant Elizabeth Cameron-Webb, in effect, to reargue, adhered to its prior determination, and, (3) a judgment of the same court, entered October 22, 1996, as is in favor of the plaintiff and against her in the principal sum of $3,828,321.

Ordered that the appeals from the orders entered April 12, 1996, and October 2, 1996, are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

A judgment of England's High Court of Justice, Queens Bench Division, Commercial Court, dated May 4, 1989,

awarded the plaintiff a money judgment against the defendant Peter Cameron-Webb in the combined amount of 2,175,215 British Pounds Sterling, 22,965 Swiss Francs and 4,885,807 United States Dollars. Following recognition of this judgment, the Supreme Court, Nassau County, entered its own judgment in favor of the plaintiff and against Mr. Cameron-Webb in the principal sum of $8,580,066.66, plus interest as provided in the English judgment noted above, and costs, in an amount to be assessed. These judgments are based on findings made by the English Court to the effect that "Mr. Cameron-Webb knowingly and dishonestly misappropriated trust funds for his own benefit, and did so in breach of the duties he owed to his company".

Pursuant to certain unappealed prior orders of the Supreme Court, Nassau County, dated May 16, 1990, and June 20, 1995, it is now law of the case, and, in any event, it is beyond dispute, that Mr. Cameron-Webb was found to be insolvent from August 1, 1980, through October 31, 1985. During this period, Mr. Cameron-Webb took title to certain real estate located in Mill Neck, Long Island, initially as a joint tenant with the appellant herein, who at that time was, as Mr. Cameron-Webb described her, his "proposed wife". On December 9, 1982, Mr. Cameron-Webb transferred his half-interest in this property to the appellant.

The evidence in the record supports the conclusion that, during the period of insolvency noted above, Mr. Cameron-Webb transferred to the appellant the following amounts in cash, in addition to his interest in the Mill Neck real estate:

(1) $250,000 on November 26 or November 28, 1980;

(2) $60,000 on May 21, 1981;

(3) $100,000 in June 1981;

(4) $30,000 on November 10, 1981;

(5) $250,000 on April 2, 1982;

(6) $64,950 on June 27, 1983;

(7) $40,000 on September 9, 1983;

(8) $50,000 on October 18, 1983;

(9) $291,685 during the period 1982 through 1983;

(10) $30,000 on February 28, 1984;

(11) $7,500 on August 20, 1985;

(12) $10,630 on August 20, 1985; and

(13) $7,500 on October 18, 1985.

We agree with the Supreme Court that the plaintiff demonstrated its right to judgment as a matter of law declaring that the conveyances to the appellant of Mr. Cameron-Webb's inter-

est in the real property, and the cash noted above, were fraudulent as to the plaintiff. These conveyances occurred while the transferor, Mr. Cameron-Webb, was insolvent, and they were made without fair consideration (see, Debtor Creditor Law § 273).

As did the Supreme Court, we reject the appellant's argument that the conveyance of the real estate was in exchange for a fair consideration, namely, the appellant's promise, reflected in a prenuptial agreement, to waive "all rights which * * * she may at any time have * * * by reason of [her] marriage [to Mr. Cameron-Webb]". Her waiver in this respect constituted a surrender of "contingent rights that * * * might accrue to her benefit in the future if she married [Mr. Cameron-Webb] and if she later divorced him or he predeceased her" (HBE Leasing Corp. v Frank, 61 F3d 1054, 1059). We agree with the Supreme Court that this was not fair consideration within the meaning of Debtor and Creditor Law § 273 (see, HBE Leasing Corp. v Frank, supra; see also, Berkowitz v Berkowitz, 111 AD2d 434 [Casey and Yesawich Jr., JJ., dissenting], revd 67 NY2d 737, on dissenting opn at App Div).

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.