■ McLAUGHLIN & STERN, L. L. P., Respondent, v LEON LIPKIN et al., Appellants. [733 NYS2d 17] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about May 10, 2001, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff law firm's allegations that defendant former partner diverted a firm fee while still a partner, contrary to his representations on which plaintiff justifiably relied in entering into the subject release, suffice to show fraud (see, Swersky v Dreyer & Traub, 219 AD2d 321, 326; Bernstein v Kelso & Co., 231 AD2d 314, 320) such as would allow plaintiff to avoid the release (see, Mangini v McClurg, 24 NY2d 556, 563; H.W. Collections v Kolber, 256 AD2d 240, 241). Nor was plaintiff required to bring an action for an accounting where it had settled its affairs with defendant and not done business with him as a partner for a long period of time, and where the alleged fraud, which involves the diversion of a discrete fee, can be determined without examination of partnership accounts (see, Kriegsman v Kraus, Ostreicher & Co., 126 AD2d 489, 490; see, Morris v Crawford, 281 AD2d 805, 806-807). Plaintiff's allegation that defendant boastfully stated to it that he transferred all of his assets to his wife and codefendant without fair consideration in order to avoid creditors is sufficient to state a cause of action under Debtor and Creditor Law § 273. We have considered and rejected defendants' other arguments. Concur—Andrias, J. P., Wallach, Lerner and Friedman, JJ.