■ MELISSA HIRSCHHORN et al., Respondents, v RICHARD S. HIRSCHHORN et al., Appellants. [742 NYS2d 118] —In an action, inter alia, to set aside an alleged fraudulent conveyance of real property, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered December 14, 2000, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The defendant Richard Hirschhorn was sued in 1995 by the plaintiffs herein in an action in the Supreme Court, Nassau County, for repayment of a $30,000 loan they made to him in

1989 in connection with a family business that has since filed for bankruptcy. Prior to September 1996, Richard Hirschhorn and his wife, the defendant Hope Hirschhorn (hereinafter collectively the appellants), owned, as tenants by the entirety, a home in Harrison, New York, worth approximately $925,000, and encumbered by a mortgage of approximately $337,183. In September 1996, Richard Hirschhorn conveyed his interest in the home to Hope Hirschhorn, allegedly in repayment of antecedent debt of approximately $490,000.

In late 1999, the plaintiffs commenced this action to set aside the transfer of the house as fraudulent. In or about February 2000, Richard Hirschhorn entered into a stipulation settling the Nassau County action for the principal sum of $30,000 plus interest as of the date of the loan. Richard Hirschhorn failed to satisfy the judgment entered in that action pursuant to the stipulation. The plaintiffs thus moved for summary judgment in this action, to set aside the conveyance and execute on Richard Hirschhorn's interest in the Harrison house. The Supreme Court granted the plaintiffs' motion. We affirm.

Contrary to the appellants' contentions, the plaintiffs demonstrated, prima facie, that the conveyance of Richard Hirschhorn's interest in the Harrison home to his wife, during the pendency of the Nassau County Supreme Court action, was intended to place this asset beyond their reach and hence was fraudulent (*see McLaughlin & Stern v Lipkin,* 288 AD2d 65; *St. Teresa's Nursing Home v Vuksanovich,* 268 AD2d 421; *Wall St. Assoc. v Brodsky,* 257 AD2d 526; *Corporation of Lloyd's v Funk,* 246 AD2d 570; *Matter of Kalati v Independent Diamond Brokers,* 209 AD2d 412). In opposition, the appellants failed to demonstrate the existence of a genuine issue of fact warranting a trial. Furthermore, the appellants' failed to raise their insolvency argument (*see Matter of Shelly v Doe,* 249 AD2d 756) before the Supreme Court, and they may not do so for the first time on appeal (*see Miller v Vil. of Wappingers Falls,* 289 AD2d 209; *Matter of Matarrese v New York City Health & Hosps. Corp.,* 247 AD2d 475). Accordingly, the Supreme Court properly awarded the plaintiffs summary judgment setting aside the fraudulent conveyance. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.