■ In the Matter of KENNETH WARGO, Respondent, v AMICA MUTUAL INSURANCE COMPANY, Also Known as AMICA LIFE INSURANCE COMPANY, Also Known as AMICA GENERAL AGENCY, INC., Appellant. [775 NYS2d 355]—In a proceeding pursuant to CPLR article 78 for a judgment declaring that Amica Mutual Insurance Company, also known as Amica Life Insurance Company, also known as Amica General Agency, Inc., is obligated to defend and indemnify Kenneth Wargo in an action entitled *Scalese v Wargo,* pending in the Supreme Court, Suffolk County, under Index No. 29930/01, Amica Mutual Insur-

ance Company, also known as Amica Life Insurance Company, also known as Amica General Agency, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mullen, J.), dated March 20, 2003, as, upon granting that branch of the cross motion of Amica Mutual Insurance Company, also known as Amica Life Insurance Company, also known as Amica General Agency, Inc., which was to convert the proceeding to a declaratory judgment action, in effect, sua sponte, granted summary judgment to Kenneth Wargo and directed it to defend Kenneth Wargo in the underlying action.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provisions thereof which, in effect, sua sponte, granted summary judgment to Kenneth Wargo and directed Amica Mutual Insurance Company, also known as Amica Life Insurance Company, also known as Amica General Agency, Inc., to defend Kenneth Wargo in the underlying action, are vacated.

Instead of commencing a declaratory judgment action, Kenneth Wargo improperly brought a proceeding pursuant to CPLR article 78 seeking a judgment declaring that Amica Mutual Insurance Company, also known as Amica Life Insurance Company, also known as Amica General Agency, Inc. (hereinafter Amica), was obligated to defend and indemnify him in a personal injury action pending in the Supreme Court, Suffolk County. In its opposition to the petition, Amica contended that CPLR article 78 was not the appropriate vehicle for the relief sought, and requested either dismissal of the proceeding or its conversion to a declaratory judgment action. In a reply, Wargo requested that the Supreme Court convert the proceeding to an action for a declaratory judgment.

The Supreme Court converted the proceeding to a declaratory judgment action pursuant to CPLR 103 (c), determined that Wargo timely notified Amica of the personal injury action, in effect, sua sponte, granted summary judgment to Wargo and directed Amica to defend Wargo in the underlying personal injury action. Amica appeals from so much of the order as, in effect, sua sponte granted summary judgment to Wargo and directed it to defend him in the underlying personal injury action.

We agree with Amica that the Supreme Court's determination, in effect, to sua sponte treat Wargo's petition as a motion

for summary judgment without prior notice to the parties, deprived Amica of the opportunity to make an appropriate record (*see Mihlovan v Grozavu,* 72 NY2d 506, 508 [1988]). In any event, on the record presented there are issues of fact concerning whether Amica was entitled to disclaim coverage to Wargo. Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.