■ CANAN TASKIRAN et al., Respondents, v MICHAEL B. MURPHY et al., Appellants. [777 NYS2d 769]—

In an action, improperly commenced as a special proceeding,

to set aside an allegedly fraudulent conveyance of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated July 8, 2003, as, after converting the special proceeding to an action, in effect, sua sponte treated the petition as a motion for summary judgment and awarded summary judgment to the plaintiffs setting aside the challenged conveyance.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provisions thereof which, in effect, sua sponte, treated the petition as a motion for summary judgment and awarded summary judgment to the plaintiffs setting aside the challenged conveyance are vacated.

The Supreme Court correctly recognized that a challenge to an allegedly fraudulent conveyance in violation of the Debtor and Creditor Law must be prosecuted as an action (see Hirschhorn v Hirschhorn, 294 AD2d 404 [2002]; Somer & Wand v Rotondi, 219 AD2d 340 [1996]) as it is not a statutorily-authorized special proceeding (see Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:401:1, at 441-442). Since the Supreme Court had obtained personal jurisdiction over the parties, it correctly converted the proceeding to an action (see CPLR 103 [c]; Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, 41 [1968], cert denied 393 US 1000 [1968]). However, having done so, the Supreme Court, in effect, sua sponte decided the action as if it were still a special proceeding governed by CPLR 409 (b) (see Matter of Friends World Coll. v Nicklin, 249 AD2d 393, 394 [1998]). This was error. There was no motion before the Supreme Court, and thus the Supreme Court was without authority to summarily award the plaintiffs the relief sought in their pleadings (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Matter of Wargo v Amica Mut. Ins. Co., 6 AD3d 541 [2004]; Matter of Ferraro v Gordon, 1 AD3d 595, 598 [2003]; Katz v Waitkins, 306 AD2d 442, 443 [2003]; Skyline Enters. of N.Y. Corp. v Amuram Realty Co., 288 AD2d 292, 293 [2001]).

In light of our determination, we need not reach the defendants' remaining contentions. We express no opinion as to the merits of the plaintiffs' claims. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.