■ GITEL FISCHER, Respondent, v SADOV REALTY CORPORATION et al., Appellants, et al., Defendant. [829 NYS2d 108]—

In a shareholder's derivative action, inter alia, to cancel several mortgages and for an accounting of the income and profits of the defendant Sadov Realty Corporation, the defendants Sadov Realty Corporation, 701 Empire Boulevard Associates, LLC, Roslyn Malamud, Samuel Malamud, Chana Slavin, Lea Slavin, Michoel Slavin, Zalman Chanin, and Joseph Labkowski appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 21, 2005, as granted the plaintiff's motion for summary judgment on her second cause of action for an accounting of the income and profits of the defendant Sadov Realty Corporation and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Gitel Fischer, received a 10% interest in the defendant Sadov Realty Corporation (hereinafter Sadov) from her husband David Fischer prior to 1994. In his affidavit submitted in support of the plaintiff's motion, David Fischer stated that Shabsie Gordon conveyed the subject shares to him on January 4, 1987 and in separate proceedings, Gordon both stated in an affirmation and testified at his deposition that he transferred the shares to David Fischer.

In opposition to that branch of the plaintiff's motion which was for summary judgment on her second cause of action for an accounting, and in support of their cross motion dismissing the complaint insofar as asserted against them, the appellants submitted a judgment of the Supreme Court, Kings County (Vinik, J.), dated August 2, 1991 (hereinafter the prior judgment), in a prior action entitled *Sadov Realty Corp. v Shipur H'Shechuna Corp.*, in which David Fischer was a defendant. The prior judgment, in effect, dismissed David Fischer's counterclaim for a declaration that he was the sole owner of Sadov. The appellants argue that this prior judgment bars the instant action under the doctrine of collateral estoppel.

''The doctrine of collateral estoppel precludes a party from

relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point' " (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455 [1985]). "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue" (*Luscher v Arrua,* 21 AD3d 1005, 1007 [2005]).

Here, there is no identity of issue between the prior judgment and the instant action. The prior judgment determined that David Fischer did not own 100% of the shares of Sadov; it did not address whether Gordon had conveyed a 10% interest to him. The Supreme Court properly found that the instant action was not barred by collateral estoppel.

Moreover, the appellants failed to establish their prima facie entitlement to summary judgment dismissing the complaint on the ground that David Fischer's conveyance of his shares to the plaintiff was fraudulent pursuant to Debtor and Creditor Law § 273-a. To prevail on such a fraudulent conveyance claim, the movant must establish three elements: (1) that the conveyance was made without fair consideration; (2) that at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and (3) that a final judgment has been rendered against the transferor that remains unsatisfied (*see Durrant v Kelly,* 186 AD2d 237 [1992]). Although the appellants' submission of the prior judgment satisfied the second prong of the test, the appellants failed to adduce any evidence to satisfy the remaining two prongs.

Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on her second cause of action, and properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated April 21, 2005, to strike stated portions of the appellants' reply brief on the grounds that it contains matter dehors the record or raises issues not raised in the appellants' main brief. By decision and order on motion of this Court dated March 8, 2006 the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion to strike stated portions of the appellants' reply brief is granted, and the addendum to the appellants' reply brief and the references thereto at pages 2 through 3, and 5 through 6 of the reply brief are stricken and have not been considered in the determination of the appeal. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.