■ Donna Byron, Appellant, v Michelle Haas et al., Respondents. [883 NYS2d 583]—

In an action to recover damages for fraud and breach of contract, the plaintiff appeals, as limited by her brief, from so much of an undated order of the Supreme Court, Kings County (Schmidt, J.), as granted that branch of the cross motion of the defendant John Spanakos pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against him and, in effect, upon searching the record, dismissed the complaint in its entirety insofar as asserted against the defendants Michelle Haas, Steve Vitetzakis, and ERA Excelle Realty.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly entered into a conditional brokerage agreement with respect to the sale of certain real property whereby she would be entitled to half of the commission paid to the defendant ERA Excelle Realty, the listing broker, provided that she obtained her broker's license prior to the closing of title. Although the plaintiff obtained her broker's license prior to the date on which the commission was paid, she was unlicensed at the time she allegedly rendered the services which formed the consideration for the claimed commission.

The plaintiff commenced the instant action to recover her commission asserting fraud and breach of contract theories of liability, and the defendant John Spanakos counterclaimed against her to recover damages for libel per se and malicious prosecution. The plaintiff moved, pursuant to CPLR 3211 (a) (7) and 3016 (a), to dismiss the counterclaims, and Spanakos cross-moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as asserted against him. The Supreme Court granted the motion and the cross motion and, in effect, upon searching the record, dismissed the complaint insofar as asserted against the remaining defendants. The plaintiff appeals, and we affirm.

"A real estate broker who is unlicensed when services were rendered cannot recover commissions" (*Mavco Realty Corp. v M. Slayton Real Estate, Inc.*, 12 AD3d 575, 577 [2004]; *see Galbreath-Ruffin Corp. v 40th & 3rd Corp.*, 19 NY2d 354, 362

[1967]). Accordingly, the Supreme Court properly granted that branch of Spanakos's cross motion which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against him.

The Supreme Court also properly granted that branch of Spanakos's cross motion which was to dismiss the cause of action to recover damages for fraud insofar as asserted against him, as the plaintiff failed to plead the elements of fraud with the requisite particularity (see CPLR 3016 [b]; Tenenbaum v Gibbs, 27 AD3d 722 [2006]; Pappas v Passias, 271 AD2d 420 [2000]).

Moreover, the Supreme Court properly held that, under the circumstances of this case, dismissal of the complaint insofar as asserted against Spanakos required dismissal of the complaint as to the remaining defendants, since the parties "deliberately chart[ed] a summary judgment course" and "appreciated that the issue [wa]s exclusively one of law" and the plaintiff opposed the cross motion with affidavits, exhibits, and memoranda of law (Backer v Bouza Falco Co., 28 AD3d 503, 504 [2006]; cf. Bethview Amusement Corp. v Lorber, 35 AD2d 971 [1970]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.