WILLIAM J. JENACK ESTATE APPRAISERS AND AUCTIONEERS, INC., Appellant, v ALBERT RABIZADEH et al., Respondents. [16 NYS3d 581]—

In an action, inter alia, to set aside an alleged fraudulent conveyance of real property pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered July 10, 2014, which denied its motion pursuant to CPLR 3214 to compel the defendants to appear for depositions, and, in effect, granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is denied, the plaintiff's motion pursuant to CPLR 3214 to compel the defendants to appear for depositions is granted, and, upon searching the record pursuant to CPLR 3212 (b), the plaintiff is awarded summary judgment on the issue of liability on its second cause of action.

The defendant Albert Rabizadeh failed to pay the plaintiff for a certain antique that he purchased at a public auction conducted by the plaintiff. In a prior action to recover damages for breach of contract, the plaintiff was awarded a money judgment against Albert Rabizadeh in the total sum of $471,002.79. Albert Rabizadeh failed to satisfy the judgment. Thereafter, the plaintiff commenced this action pursuant to Debtor and Creditor Law article 10 against Albert Rabizadeh and his wife, the defendant Sahar Rabizadeh (hereinafter together the defendants). The plaintiff alleged, inter alia, that Albert Rabizadeh fraudulently conveyed his interest in the defendants' home, which they owned as tenants by the entirety, to Sahar Rabizadeh during the pendency of the prior action.

The plaintiff moved pursuant to CPLR 3124 to compel the defendants to appear for depositions before trial pursuant to a preliminary conference order. The defendants cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint. In opposition to the cross motion, the plaintiff asked the Supreme Court to search the record pursuant to CPLR 3212 (b) and award it summary judgment on the issue of liability on its second cause of action, which alleged that the conveyance was constructively fraudulent pursuant to Debtor and Creditor Law § 273-a. The Supreme Court denied the plaintiff's motion pursuant to CPLR 3214 to compel the defendants to appear for depositions and granted the defendants' cross motion, citing both CPLR 3211 (a) (7) and 3212. In support of its determination, the court found that, given "the nature of the tenan[cy] by

the entirety, [the] plaintiff could not satisfy the judgment against the real property before [the] defendant Albert Rabizadeh made the conveyance of his one half share to his wife. Therefore, there was no fraudulent conveyance." The plaintiff appeals.

The second cause of action alleged that the conveyance was constructively fraudulent pursuant to Debtor and Creditor Law § 273-a. This section provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Contrary to the Supreme Court's determination, the plaintiff set forth a cognizable cause of action under Debtor and Creditor Law § 273-a by alleging that the conveyance from Albert Rabizadeh to his wife, Sahar Rabizadeh, during the pendency of the prior action, was made without fair consideration, and that the final judgment entered against Albert Rabizadeh in the prior action remained unsatisfied (*see e.g. Coyle v Lefkowitz*, 89 AD3d 1054, 1057 [2011]; *Fischer v Sadov Realty Corp.*, 34 AD3d 632, 633 [2006]; *Hirschhorn v Hirschhorn*, 294 AD2d 404, 404-405 [2002]). Furthermore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing that cause of action. The fact that the defendants held title to their home as tenants by the entirety prior to the conveyance does not bar a fraudulent conveyance claim under Debtor and Creditor Law article 10 (*see e.g. Joslin v Lopez*, 309 AD2d 837 [2003]; *Hirschhorn v Hirschhorn*, 294 AD2d 404 [2002]). Thus, the Supreme Court erred in, in effect, granting that branch of the defendants' motion which was for summary judgment dismissing that cause of action simply because, prior to the conveyance, the defendants owned the home as tenants by the entirety.

"This Court has the authority to search the record and award summary judgment to a [nonmoving] party with respect to an issue that was the subject of the motions before the Supreme Court" (*Mack v Brown*, 82 AD3d 133, 142 [2011]; *see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *cf. Byron v Haas*, 64 AD3d 740, 740 [2009]). Here, all parties specifically requested summary judgment, they "appreciated that the issue is exclusively one of law," and they "deliberately chart[ed] a summary judgment course" (*Backer v Bouza Falco Co.*, 28 AD3d 503, 504 [2006]). The evidence submitted by the parties reveals

that no factual dispute exists with respect to the second cause of action, which alleged that the conveyance was constructively fraudulent pursuant to Debtor and Creditor Law § 273-a. Rather, the parties maintain that the gravamen of the dispute is whether the plaintiff has a cause of action pursuant to Debtor and Creditor Law § 273-a without regard to the defendants' actual intent where, as here, a debtor conveys his or her interest in a home owned with his or her spouse as tenants by the entirety to the spouse during the pendency of an action for a money judgment. The record in this case undisputedly established the elements set forth in Debtor and Creditor Law § 273-a. Specifically, the record demonstrates that the conveyance was made without fair consideration, that at the time of the transfer, a judgment in an action for money damages had been entered against Albert Rabizadeh, and that the judgment remained unsatisfied. Accordingly, consistent with its request in the Supreme Court, we award the plaintiff summary judgment on the second cause of action (*see Durrant v Kelly*, 186 AD2d 237, 238 [1992]; *cf. Fischer v Sadov Realty Corp.*, 34 AD3d at 633).

Contrary to the Supreme Court's determination, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which alleged that the defendants fraudulently conveyed Albert Rabizadeh's interest in their home with the actual intent to defraud the plaintiff, and sought to set aside the conveyance pursuant to Debtor and Creditor Law § 278 (1) (*see Matter of U.S. Bancorp Equip. Fin., Inc. v Rubashkin*, 98 AD3d 1057, 1060 [2012]). Further, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which sought an award of an attorney's fee pursuant to Debtor and Creditor Law § 276-a. Debtor and Creditor Law § 276-a provides for an award of such fees where the fraudulent conveyance is "found to have been made by the debtor and received by the transferee with *actual intent*, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors" (*Matter of U.S. Bancorp Equip. Fin., Inc. v Rubashkin*, 98 AD3d at 1060 [emphasis added]). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action.

The defendants failed to present any valid reason that they should not present themselves for depositions and, as such, the plaintiff's motion pursuant to CPLR 3124 to compel their ap-

pearance for depositions pursuant to the subject preliminary conference order should have been granted (*cf. Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1080 [2012]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.