Corvera v Prime Source Dev., LLC (2019 NY Slip Op 03949)





Corvera v Prime Source Dev., LLC


2019 NY Slip Op 03949


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-10746
 (Index No. 603230/16)

[*1]Rosa Corvera, appellant, 
v
Prime Source Development, LLC, et al., defendants, Nassau Realty I, LLC, et al., respondents.


Silverman Shin & Byrne PLLC, New York, NY (Donald F. Schneider, Bonnie D. Espino, and Andrew Achiron of counsel), for appellant.
Gene W. Rosen, Kew Gardens Hills, NY, for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside certain conveyances of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 5, 2016. The order, insofar as appealed from, (1) denied the plaintiff's motion, inter alia, for leave to enter a default judgment on the second, fourth, and fifteenth causes of action against the defendants Nassau Realty I, LLC, Nassau Realty II, LLC, and Nassau Realty III, LLC, respectively, (2) denied the plaintiff's separate motion, in the alternative, for summary judgment on those causes of action, and (3) granted those branches of the cross motion of the defendants Simone Kamali, Nassau Realty I, LLC, Nassau Realty II, LLC, and Nassau Realty III, LLC, which were for leave to file a late answer and to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, the plaintiff commenced an action against Prime Source Development, LLC (hereinafter Prime Source), and AHO Construction Corp. (hereinafter AHO) to recover damages for personal injuries she sustained while working for Prime Source (hereinafter the personal injury action). At the time the personal injury action was commenced, Prime Source owned three properties referred to as Penny Pound Court Property I, Penny Pound Court Property II, and Penny Pound Court Property III (hereinafter collectively the Nassau properties), as well as a fourth property.
In October 2014, the plaintiff obtained a judgment against Prime Source and AHO in the total sum of $1,251,200. The judgment has not been satisfied in whole or in part. Thereafter, the plaintiff's investigation revealed that Prime Source had transferred ownership of the Nassau properties to the defendants Nassau Realty I, LLC, Nassau Realty II, LLC, and Nassau Realty III, LLC (hereinafter collectively the Nassau Realty entities), while the personal injury action was pending.
The plaintiff then commenced this action against, among others, Prime Source, the Nassau Realty entities, and the Nassau Realty entities' managing member, Simone Kamali, who is also a former member of Prime Source. The plaintiff's second, fourth, and fifteenth causes of action [*2]seek, inter alia, pursuant to Debtor and Creditor Law §§ 273-a and 278, to set aside as fraudulent the conveyances of the Nassau properties. The Nassau Realty entities filed a late answer, which the plaintiff rejected as untimely.
Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment on the second, fourth, and fifteenth causes of action against the Nassau Realty entities. Kamali and the Nassau Realty entities (hereinafter collectively the Kamali defendants) opposed the plaintiff's motion and cross-moved, inter alia, for leave to file a late answer and to compel the plaintiff to accept a late answer. The plaintiff then moved, in the alternative, for summary judgment on the second, fourth, and fifteenth causes of action.
The Supreme Court denied that branch of the plaintiff's motion which was for leave to enter a default judgment on the second, fourth, and fifteenth causes of action against the Nassau Realty entities, granted those branches of the Kamali defendants' cross motion which were for leave to file a late answer and to compel the plaintiff to accept a late answer, and denied the plaintiff's separate motion, in the alternative, for summary judgment on the second, fourth, and fifteenth causes of action. The plaintiff appeals.
" In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Yuxi Li v Caruso, 161 AD3d 1132, 1133, quoting Jong Gwon Kim v Strippoli, 144 AD3d 982, 983; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60). A defendant who seeks to compel the plaintiff to accept late service of an answer is required to make a similar showing (see CPLR 3012[d]; Fischer v City of New York, 147 AD3d 1029, 1030; Jong Gwon Kim v Strippoli, 144 AD3d at 983). The determination of what constitutes a reasonable excuse lies within the discretion of the trial court (see Gershman v Ahmad, 131 AD3d 1104, 1105; Fried v Jacob Holding, Inc., 110 AD3d at 60). Moreover, the defendant is not required to establish the validity of its defense as a matter of law in order to obtain vacatur of its default in answering, but only need establish that the defense is potentially meritorious (see Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864; Marinoff v Natty Realty Corp., 17 AD3d 412, 413).
Here, in response to the plaintiff's facially adequate motion for leave to enter a default judgment on the second, fourth, and fifteenth causes of action (see CPLR 3215[f]; Fried v Jacob Holding, Inc., 110 AD3d at 60), it is undisputed that the Kamali defendants demonstrated that the Nassau Realty entities had a reasonable excuse for their delay. Consequently, the issue is whether they demonstrated the existence of a potentially meritorious defense to the causes of action pursuant to Debtor and Creditor Law §§ 273-a and 278. The Kamali defendants' submissions were sufficient to raise a potentially meritorious defense, based on evidence that the challenged conveyances were part of a broader transaction entered into in 2009 and supported by fair consideration (see Debtor and Creditor Law § 272[a]). Accordingly, we agree with the Supreme Court's determinations to deny the plaintiff's motion for leave to enter a default judgment against the Nassau Realty entities, and to grant those branches of the Kamali defendants' cross motion which were for leave to file a late answer and to compel the plaintiff to accept the late answer.
We also agree with the Supreme Court's denial of the plaintiff's motion, in the alternative, for summary judgment on the second, fourth, and fifteenth causes of action. In opposition to the plaintiff's prima facie showing (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 131 AD3d 960, 963), the Kamali defendants raised a triable issue of fact as to whether fair consideration was given for the challenged conveyances (see Debtor and Creditor Law § 272[a]; Glasser v Kashinsky, 237 AD2d 252, 252; Matter of American Inv. Bank v Marine Midland Bank, 191 AD2d 690, 692).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court