Amos Fin., LLC v Noya 23, LLC (2021 NY Slip Op 04210)





Amos Fin., LLC v Noya 23, LLC


2021 NY Slip Op 04210


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-10212
 (Index No. 501379/17)

[*1]Amos Financial, LLC, etc., appellant,
v
Noya 23, LLC, et al., respondents, et al., defendants.


Law Offices of Suzanne M. Carter LLC (Port and Sava, Lynbrook, NY [George S. Sava and Sharad Samy], of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Grail A. Moore of counsel), for respondents Noya 23, LLC, and Square Table, Inc.



DECISION & ORDER
In an action to set aside an allegedly fraudulent conveyance pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 2, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Noya 23, LLC, and Square Table, Inc., which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and to vacate the amended notice of pendency, and denied the cross motion of the plaintiff pursuant to CPLR 5240 to direct the Sheriff of Kings County to sell the subject property.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Noya 23, LLC, and Square Table, Inc., which were pursuant to CPLR 3211(a) to dismiss the causes of action pursuant to Debtor and Creditor Law former §§ 273-a and 278, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In this action alleging a fraudulent conveyance, the plaintiff seeks to recover on a money judgment in favor of its assignor. The plaintiff alleged that the defendant Oluwole Adebowale fraudulently conveyed property to the defendant Noya 23, LLC (hereinafter Noya). The plaintiff further alleged that in conjunction with its purchase of the subject property, Noya gave a mortgage on the premises to the defendant Square Table, Inc. (hereinafter Square Table).
The Supreme Court properly directed dismissal of the cause of action pursuant to Debtor and Creditor Law former § 273, as the plaintiff failed to plead that Adebowale was insolvent or rendered insolvent by the transfer of the property (see Swartz v Swartz, 145 AD3d 818, 828).
The Supreme Court also properly directed dismissal of the cause of action pursuant to Debtor and Creditor Law former § 276, since the plaintiff did not allege sufficient badges of fraud to support that cause of action (see DoubleLine Capital LP v Odebrecht Fin., Ltd., 323 F Supp 3d 393, 467 [SD NY]; A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1288).
The Supreme Court, however, erred in directing dismissal of the cause of action pursuant to Debtor and Creditor Law former § 273-a, alleging fraudulent conveyance. To prevail on such a cause of action, the plaintiff must establish three elements: "(1) that the conveyance was made without fair consideration; (2) that at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him [or her]; and (3) that a final judgment has been rendered against the transferor that remains unsatisfied" (Fischer v Sadov Realty Corp., 34 AD3d 632, 633). Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleged that the conveyance made by Adebowale to Noya was made without fair consideration, at a time when a monetary judgment in a prior action was entered against Adebowale, and that the judgment remained unsatisfied (see William J. Jenack Estate Appraisers Auctioneers, Inc. v Rabizadeh, 131 AD3d 960, 962). Furthermore, contrary to the contention of Noya and Square Table, the documentary evidence did not establish that the transfer was made in good faith to satisfy an antecedent debt (see Goldenberg v Friedman, 191 AD3d 641, 643; Northpark Assoc., L.P. v S.H.C. Mergers, Inc., 8 AD3d 642, 643-644; Farm Stores v School Feeding Corp., 102 AD2d 249, 251-252).
Since the plaintiff has a potentially viable cause of action pursuant to Debtor and Creditor Law former § 273-a, we reinstate the cause of action pursuant to Debtor and Creditor Law former § 278 (cf. Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477).
The Supreme Court properly directed dismissal of the cause of action pursuant to Debtor and Creditor Law former § 276-a, since the only potential cause of action that is viable in this action is under Debtor and Creditor Law former § 273-a, and attorneys' fees are unavailable under that section (see Farm Stores v School Feeding Corp., 102 AD2d at 256-257).
Moreover, the Supreme Court properly vacated the notice of pendency (see CPLR 6511[a]; 6512; Chateau Rive Corp. v Riverview Partners, LP, 18 AD3d 492, 493; Rabinowitz v Larkfield Bldg. Corp., 231 AD2d 703, 703-704). Further, the filing of the amended notice of pendency did not cure the plaintiff's failure to comply with the strict procedural requirements of CPLR 6511(a) and 6512 (see Mastronardi v Countrywide Constr. Corp., 2 AD3d 416, 416; Weiner v MKVII-Westchester, 292 AD2d 597, 599).
The parties' remaining contentions are without merit.
DUFFY, J.P., BARROS, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court